**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JFDB, LTD. d/b/a J. FELDKAMP DESIGN BUILD, | ) ) ) | CASE NO. 3:22-cv-00206 |
| *Plaintiff.* | ) ) | JUDGE MICHAEL J. NEWMAN |
| v. | ) ) | |
| VICTAULIC COMPANY, | ) ) | MAGISTRATE Peter B. Silvain, Jr. |
| *Defendant.* | ) ) | |

**DEFENDANT VICTAULIC COMPANY'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Victaulic Company ("Victaulic") respectfully requests that the Court dismiss Plaintiff JFDB, Ltd. d/b/a J. Feldkamp Design Build's ("Plaintiff's") Complaint. Plaintiff has failed to state cognizable claims for product liability under Ohio Rev. Code § 2307.71, *et seq.*, breaches of express and implied warranties, and common law negligence. Plaintiff's allegations do not meet the federal pleading standards. Because it only seeks economic loss, its product liability and common law tort claims are barred. It has not asserted any representations or warranties on which to base an express warranty or failure to conform to representation claim. It has pled no privity for its UCC implied warranty claims. Nor has it pled facts on which to base an unjust enrichment claim. And, Plaintiff's claim for economic loss does not constitute a stand-alone claim. Accordingly, Victaulic respectfully

requests that Plaintiff's Complaint be dismissed as a matter of law. A memorandum in support of this Motion is attached.

                                          Respectfully submitted,

                                          */s/ Colleen Murnane*
                                          Colleen Murnane (0064840)
                                          Angela M. Lydon (0087872)
                                          FRANTZ WARD LLP
                                          200 Public Square, Suite 3000
                                          Cleveland, Ohio 44114
                                          (216) 515-1660
                                          (216) 515-1650 (facsimile)
                                          cmurnane@frantzward.com
                                          alydon@frantzward.com

                                          *Counsel for Defendant Victaulic Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JFDB, LTD. d/b/a J. FELDKAMP DESIGN BUILD, | ) ) ) | CASE NO. 3:22-cv-00206 |
| *Plaintiff.* | ) ) | JUDGE MICHAEL J. NEWMAN |
| v. | ) ) | |
| VICTAULIC COMPANY, | ) ) | MAGISTRATE Peter B. Silvain, Jr. |
| *Defendant.* | ) ) ) | |

**DEFENDANT VICTAULIC COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I.     **INTRODUCTION**

Plaintiff JFDB, Ltd. d/b/a J. Feldkamp Design Build's ("Plaintiff") filed a Complaint against Defendant Victaulic Company ("Victaulic") for economic losses Plaintiff purportedly incurred in connection with its subcontract work at Fairborn School. Plaintiff claims the Victaulic QuickVic fittings Plaintiff used per the School's architect's specifications were somehow defective, resulting in leaks that "contractually required" Plaintiff to replace the fittings and perform other unspecified remediation work. Plaintiff does not allege it incurred any property damage. It does not identify any defect in the fittings. Nor does it specify its "contractual requirement" to provide the work. Its bare bones recitation of the claims' legal elements fails to meet the federal pleading standard. Because Plaintiff only seeks economic loss, its product liability and common law tort claims are barred. Its failure to identify an express warranty is fatal to that claim. It has failed to allege facts sufficient to state a claim for breach of

implied warranties under the UCC. Finally, it has not pled the necessary elements of an unjust enrichment claim. Accordingly, Plaintiff's Complaint should be dismissed.

## II. ALLEGATIONS

Plaintiff is a full-service heating, ventilation, and air conditioning company.[1] (Compl. ¶ 2). On March 4, 2019, Plaintiff entered into a subcontract with general contractor, Monarch Construction, to perform HVAC work as part of the construction of a PK-2 School in Fairborn, Ohio (the "School"). (*Id.* at ¶ 10). Pursuant to the School's "architect's specifications," Plaintiff used Victaulic Quickvic pipe fittings to connect pipes in the hot and cold sides of the HVAC system it was installing. (*Id.* at ¶ 11). After the fittings were installed, leaks allegedly occurred on the hot side of the HVAC system over the July 4, 2020 weekend and at various times thereafter, causing water damage to the School. (*Id.* at ¶ 14-15). Plaintiff has alleged no property damage or physical injury of its own. Instead, it seeks to recover for the work it was "contractually required" to perform in replacing the fittings and performing unspecified "remediation" at the School. (*Id.* at ¶ 20).

Despite allegedly having replaced all the fittings on the hot water side, Plaintiff has failed to allege a single fact setting forth a product defect. Moreover, it fails to identify a single representation or warranty expressly made to it, or any contractual privity. Its Complaint is devoid of facts necessary to maintain the claims asserted.

## III. LAW AND ANALYSIS

### A. Plaintiff's Complaint Does Not State Plausible Claims.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[1] Victaulic does not admit any of the allegations in the Complaint, but assumes them to be true only for purposes of this Motion.

2

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 570 (2007)). While plaintiff is not required to include detailed factual allegations, it must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*; *Gordon v. Van Schoyck*, No. 3:17-cv-721, 2020 U.S. Dist. LEXIS 31636, at *5-6 (N.D. Ohio Feb. 25, 2020). Because Plaintiff's claims do nothing more than recite the legal elements of a claim without facts identifying any alleged defect or supporting the other elements of the claims, its Complaint fails as a matter of law.

### 1. Plaintiff Has Not Identified Any Defect.

Plaintiff has not identified a product defect necessary to maintain its product liability, negligence and warranty claims. Its product liability claims for manufacturing defect, design defect, failure to warn and failure to conform to representations under R.C. § 2307.74—2307.77, do nothing more than regurgitate the statutory language for each claim. *See* Compl., ¶¶ 27-31. The same is true of its warranty and negligence claims. *See id.*, ¶¶ 41-44, 47-53, 56-58. Effectively, Plaintiff claims it installed the fittings specified by the School's architect, they somehow "failed," they caused damage to the School, and Plaintiff was contractually required to replace them and perform "remediation." *Id.*, ¶¶ 11, 14-15, 19. No actual or particular defect or non-conformity in the fittings is pled. This is true even though Plaintiff had the opportunity to analyze the allegedly defective fittings when it replaced them. Rather than identify a defect, Plaintiff generically claims: (i) the fittings deviated in some unspecified way from the design specifications, *id.* at ¶ 28; (ii) unidentified design risks exceeded the benefits of the design, *id* at ¶ 29; (iii) no warrning was given about some unspecified risk associated with the fitting, *id.* at ¶ 30; and (iv) the fittings did not conform to some unidentified representation, *id.* at ¶ 31. Counts III,

3

IV, and V also provide no information on the defect or non-conformity, but simply incorporate the same deficient allegations. Where, as here, plaintiff identifies the problems experienced after using a particular product but fails to identify the nature of the alleged defect, courts dismiss the claims as not plausibly pled. *See Frey v. Novartis Pharmaceuticals Corp.*, 642 F. Supp. 2d 787, 795 (S.D. Ohio 2009) (dismissing manufacturing and design defect claims). Because Plaintiff has offered nothing more than bare legal recitations untethered to actual facts in Counts I through VI, the Complaint should be dismissed.

### B. Plaintiff Has Not Asserted a Valid Product Liability Claim.

#### 1. No Property Damage Necessary For A Product Liability Claim Exists; Only Economic Loss Is Sought.

To maintain a claim under the Ohio Product Liability Act ("OPLA"), a claimant must establish that it can recover compensatory damages for some sort of physical harm or property damage other than to the product in question. *Cincinnati*, at ¶ 30, fn. 6; R.C. § 2307.71(A)(13) ("Product liability claim" means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for *death, physical injury to person, emotional distress, or physical damage to property other than the product in question…*") (emphasis added). It is well established that under the OPLA "a claimant (including a governmental entity) cannot recover economic damages alone." *City of Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St. 3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 30; *Kuns v. Ford Motor Co.*, 926 F. Supp. 2d 976, 987 (N.D. Ohio 2013). Economic loss is not "harm" under the OPLA. *Id.*; R.C. 2307.71(A)(7).

Here, Plaintiff only seeks to recover economic loss. Plaintiff alleges the Victaulic fittings it installed at the School leaked, causing damage to the *School* and the *School's* HVAC system.

4

Compl, ¶ 11, 17-18 (emphasis added).  Plaintiff claims it was then ***contractually required*** to replace the fittings and perform remediation at the School. (Compl., ¶¶ 19, 20) (emphasis added). Contractual obligations are economic losses for services performed, not the property damage or "harm" required for a claim under the OPLA. R.C. 2307.71(A)(7) ("'Harm' means death, physical injury to person, serious emotional distress, or physical damage to property other than the product in question. Economic loss is not 'harm.'")

While Plaintiff alleges the *School* suffered property damage, *id.* at ¶¶ 17, 18, it alleged no property damage of its own.  This is fatal to its product liability (and other tort) claims.  *E-Tank Ltd. v. Deist Indus*., No 5:11CV2358, 2012 U.S. Dist. LEXIS 44746, at *10 (N.D. Ohio Mar. 31, 2012).  *E-Tank* is directly on point.  There, plaintiff bought vacuum tanks from manufacturer defendant to rent to plaintiff's customers.  The tanks' defective welded seams leaked.  The plaintiff asserted product liability claims for the costs it incurred in cleaning up the damages the leaks caused to *its customer*.  *Id.* at *5 (emphasis added).  The court dismissed plaintiff's product liability claims, finding: "The economic loss rule 'does not bar a plaintiff from recovering economic damages that occurred as a result of damage to *the plaintiff's property*. . . . but it cannot be avoided by claiming that physical damage occurred to the property of someone else.'" *Id.* at *10 (citing *City of Cleveland v. Ameriquest Mortg. Sec., Inc*., 621 F. Supp. 2d 513, 525 (N.D. Ohio 2009) (emphasis in original) (citing *Queen City Terminals, Inc. v. Gen. Am. Transp. Corp*., 73 Ohio St. 3d 609, 615 (Ohio 1995)); *Nat'l Mulch & Seed, Inc. v. Rexius Forest By-Prods., Inc*., No. 2:02-cv-1288, 2007 U.S. Dist. LEXIS 24904, 2007 WL 894833, at *6 (S.D. Ohio Mar. 22, 2007) ("'property damage' includes damages to both the goods sold to the plaintiff and other property *of the plaintiff*") (emphasis added).  Plaintiff's damage claim is even more remote than in *E-Tank*.  In *E-Tank,* the plaintiff had a direct contract with its customer for the

5

leaky tanks. Here, Plaintiff only had a subcontract with Monarch Construction for the work at the School. Compl., ¶ 10. Because Plaintiff has not alleged any property damage of its own, its product liability claims (and other tort claims) are barred.

### 2. There is No Representation or Reliance for a Failure to Conform Claim.

Plaintiff's claim for failure to conform to a representation under R.C. § 2307.77 also fails because Plaintiff pled no purported representation or reliance on it. To sustain a claim under R.C. § 2307.77, Plaintiff must prove, inter alia, 'that the manufacturer made a representation as to a material fact concerning the character or quality of the manufacturer's product.'" *Biehl v. B.E.T., Ltd.*, 2018 U.S. Dist. LEXIS 17125, at *26-27 (S.D. Ohio Feb. 2, 2018) (dismissing plaintiff's claim because no express representation was alleged to be made about the product) (quoting *Gawloski v. Miller Brewing Co.*, 96 Ohio App. 3d 160, 165, 644 N.E.2d 731, 734 (9th App. Dist. 1994)). Without such an express representation, the claim fails. *Id.* (citing *Paugh v. R.J. Reynolds Tobacco Co.*, 834 F. Supp. 228, 232 (N.D. Ohio 1993) (holding that because plaintiff did "not allege any specific express representation made by" defendants, nor "identifie[d] the nature, extent, and language of these representations, nor allege[d] that [he] relied upon any such warranties," his claim regarding breach of warranty failed)); *Grange Mut. Cas. Co. v. Optimus Enter., Inc.*, No. 1:15CV2394, 2016 U.S. Dist. LEXIS 71177, at *13 (N.D. Ohio June 1, 2016), (holding no plausible claim pled because "Plaintiff does not identify any representations made by the manufacturer [and] does not identify the manner in which the product fails to conform to the representations")).

The standard in *Biehl* is equally applicable here. Plaintiff does not identify a single representation made by Victaulic concerning the fitting. This failure is fatal to its claim. *See also*

6

*Optimus Enter., Inc.*, 2016 U.S. Dist. LEXIS 71177, at *13 (plaintiff's failure to identify a representation by the manufacturer warranted dismissal of the claim).

Plaintiff's R.C. § 2307.77 non-conformance claim also fails because it has not pled reliance on the representation or that such reliance caused its injuries. Both reliance and causation are required to establish a failure to conform to representation claim. *Optimus Enter., Inc.*, No. 2016 U.S. Dist. LEXIS 71177, at *12-13 (citing *Barreca v AngioDynamics, Inc.*, No. 4:15CV11111, 2015 U.S. Dist. LEXIS 114000, at *4 (N.D. Ohio Aug 27, 2015), (citing *Cervelli v. Thompson/Ctr. Arms*, 183 F. Supp. 2d 1032, 1045 (S.D. Ohio 2002)). Nowhere in the Complaint does Plaintiff allege such reliance or causation. To the contrary, Plaintiff claims it used the fittings per the architect's specifications. Compl. ¶ 11. Its reliance on the architect's specifications is an admission that it did *not* rely on any representation by Victaulic. The claim has no merit.

### C. Plaintiff's Failure to Identify An Express Warranty Bars Its Claim.

In addition to not specifying the defect or non-conformity, Plaintiff's breach of express warranty claim also fails because it does not identify the purported warranty at issue. It simply alleges the Quickvic fittings "came with an express warranty." Compl., ¶ 41. Plaintiff does not describe the warranty or any of its terms. Its assertion that this unidentified warranty is in Victaulic's possession does not cure the pleading defect. Victaulic's purported possession of it may alleviate the need to attach the warranty to the pleading, but it does not relieve Plaintiff of its obligation to identify the specific, express representation concerning the product actually made by Victaulic. *See Colley v. P&G*, No. 1:16CV918; 2016 U.S. Dist. LEXIS 137725, at *37-38 (S.D. Ohio Oct. 4, 2016) (granting motion to dismiss plaintiffs' complaint because vague references as to purported representations did not amount to an express warranty under R.C. §

7

1302.26(A)) (citing *Davisson v. Ford Motor Co.*, No. 2:23cv456, 2014 U.S. Dis. LEXIS 122673, at *26 (S.D. Ohio Sept. 3, 2014) ("repeated but surpassingly vague references to [defendant's] advertisements and promotional materials" fail to create an express warranty claim)). Certainly, Plaintiff can plead the terms of the express warranty if one was given to it. It has not done so. Its claim for breach of express warranty should be dismissed.

### D. Plaintiff's Breach of Implied UCC Warranty Claims Fail For Lack of Privity.

Plaintiff fails to plead the required privity necessary for a breach of a UCC implied warranty claim. *Curl v. Volkswagen of Am., Inc.*, 114 Ohio St.3d 266 (Ohio 2007); *Kuns v. Ford Motor Co.*, 2013 U.S. Dist. LEXIS 23795 (N.D. Ohio Feb. 21, 2013) (in Ohio, the UCC's implied warranty of merchantability is not enforceable against manufacturers who are not in privity with the purchaser); *Savett v. Whirlpool Corp.*, 2012 U.S. Dist. LEXIS 124086 (N.D. Ohio Aug. 31, 2012); *Acme Steak Co., Inc. v. Great Lakes Mech. Co.*, 2000-Ohio-2566, 2000 Ohio App. LEXIS 4578 (7th App. Dist. Sept. 29, 2000) ("There must be proof of a contract of sale between seller and the party asserting the implied warranties described in R.C. §§ 1302.27 (merchantability) and .28 (fitness)"). Absent such privity, no breach of implied warranty claim exists. *Acme Steak*, at *10. Here, Plaintiff has not alleged that it was in privity with Victaulic. That failure is fatal to its UCC implied warranty claims in Count IV.

Plaintiff's UCC implied warranty for fitness for a particular purpose under R.C. 1302.28 is also deficient because Plaintiff did not plead the required knowledge and reliance elements. For a UCC implied fitness warranty to exist: (1) the seller must have reason to know the buyer's particular purpose; (2) the seller must have reason to know that the buyer is relying on the seller's skill or judgment to furnish appropriate goods, and (3) the buyer must, in fact, rely upon the seller's skill or judgment. *Hollingsworth v. The Software House, Inc.*, 32 Ohio App. 3d 61, Syl. 1,

8

65, 513 N.E.2d 1372 (2d App. Dist. 1986). While none of those elements are pled, Plaintiff's allegation that it is a full service HVCA company (in the business of connecting HVAC pipes with fittings) and used the Victaulic fittings per the architect's specifications affirmatively defeats the second and third elements.

> E. **Plaintiff's Tort Claims for Negligence and Implied Warranty are Barred by the Economic Loss Doctrine.**

Plaintiff alleges common law claims of negligence, implied warranty in tort, and strict liability[2] for unidentified defects in the fittings or in their manufacture, production or warnings. Compl., ¶¶ 52, 53, 56-57. Under Ohio law, the economic-loss doctrine bars such claims where, as here, no recovery is sought for physical damage. *Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc.*, 106 Ohio St. 3d 412, 414 (Ohio 2005); *See also Sagraves v. Lab One, Inc.,* 316 F. App'x 366, 369 (6th Cir. 2008) ("the economic loss rule [] bars recovery in negligence when loss does not arise from any physical damage"); *Riemeier Lumber Co. v. Universal Forest Prods. E. Div.,* No. 1:08CV218, 2008 U.S.Dist. LEXIS 137602, at *9-13 (S.D. Ohio Sep. 26, 2008) (commercial plaintiff's tort claims for negligence and implied warranty for economic loss alone are barred by *Corporex)*; *Norcold, Inc. v. Gateway Supply Co.,* 154 Ohio App.3d 594, 607 (Ohio 2003) ("absent privity of contract, a commercial purchaser of a defective product cannot maintain a claim for purely economic loss under common law tort theories of recovery"); *Midwest Ford, Inc. v. C.T. Taylor Co., Inc.*, 118 Ohio App. 3d 798, 801 (9th App. Dist. 1997) ("a

---

[2] "The Supreme Court of Ohio has held that there is no distinction between implied warranty in tort and strict liability in tort." *Apostolos Group, Inc. v. BASF Cosntr. Chems., LLC,* 2011-Ohio-2238 ¶15, 2011 Ohio App. LEXIS 1909 *12 (9th App. Dist. 2011) (citing *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 46 (1989). Thus, those two claims are treated as the same. Moreover, the concept of strict liability in tort for a defective product is codified under the OPLA. *Frey,* 642 F. Supp. 2d at 792. As demonstrated previously, Plaintiff cannot maintain a product liability claim under the OPLA.

9

common law action in tort for purely economic loss from defective products, based on implied warranty theory is not available to commercial buyers").

As the Supreme Court of Ohio has explained, "'[t]he well established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.'" *Corporex Dev. & Constr. Mgmt.*, 106 Ohio St.3d at 414 (*quoting Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St. 3d 40, 44 (Ohio 2005)). The *Corporex* Court further explained:

> This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that parties to a commercial transaction should remain free to govern their own affairs. Tort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement. It remains the particular province of the law of contracts.

*Id.* (internal citations and quotations omitted). Moreover, the Supreme Court of Ohio has opined that outside of contract law "there is no . . . duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things." *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Ass'n*, 54 Ohio St. 3d 1, 3 (Ohio 1990).

Plaintiff seeks to recover purely economic loss for its "contractually required" work and not any damage to property of its own. *See* Section B(1), *supra.* Accordingly, its common-law tort claims for negligence, implied warranty and strict liability are barred by the economic loss doctrine.

### F. No Stand-Alone Claim for Economic Loss Exists in Ohio.

Count II for "common law economic loss" fails because Ohio does not recognize such a stand-alone claim. Economic loss is a measure of damages. *See, e.g.*, R.C. § 2307.71(A)(2)

10

("Economic loss" means direct, incidental, or consequential pecuniary loss, including, but not limited to, damage to the product in question, and non-physical damage to property other than the product."). Because Claim II is not a claim at all, but a stand alone request for damages, it should be dismissed as a matter of law.

### G. Plaintiff's Common Law Tort Claims Are Abrogated by the OPLA.

To the extent Plaintiff attempts to assert a claim under the OPLA, such OPLA claim bars Plaintiff's common law tort claims. Claims for product defect must be brought under R.C. § 2307.71 *et seq.* Under the OPLA, common law negligence and breach of warranty claims asserted for the same conduct do not exist. *Rote v. Zel Custom Mfg. LLC,* 2014 U.S. Dist. LEXIS 97240 (S.D. Ohio July 17, 2014) (in case where plaintiff's right hand and arm were injured by an allegedly defective gun, court found "plaintiffs' claims for negligence and breach of implied and express warranties are preempted by the OPLA because they allege the same conduct that gives rise to a product liability claim under R.C. § 2307.71(A)(13)"); R.C. § 2307.71(B) ("Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action.") "Specifically, Ohio district courts have held that neither negligence nor express or implied warranty claims are viable under the OPLA." *Tolliver v. Bristol-Myers Squibb Co.,* 2012 U.S. Dist. LEXIS 105518 (N.D. Ohio July 30, 2012) (citing, *e.g., Boroff v. ALZA Corp.,* 685 F. Supp. 2d 704, 711 (N.D. Ohio 2010) (finding that the OPLA abrogates common law claims of breach of express warranty, negligence, and negligence per se)); *Miller v. ALZA Corp.,* 759 F. Supp.2d 929, 943 (S.D. Ohio 2010) ("[C]ommon law warranty claims have also been abrogated by the OPLA").

Here, Plaintiff's common law product defect claims are based on the same allegations upon which Plaintiff's claims under the OPLA are based. (*Id.* at ¶¶ 25-36, 46-59). Thus, any

11

OPLA claim abrogates the Plaintiff's common law tort claims for negligence and implied warranty and they should be dismissed.

### H. No Unjust Enrichment Claim Has Been Pled

In Ohio, a plaintiff must allege three elements to state a claim for unjust enrichment: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183 (Ohio 1984). It is not enough that a plaintiff suffers a loss and a defendant receives a benefit; rather, "a plaintiff must establish that a benefit has been conferred upon that defendant *by that particular plaintiff*." *Ohio Edison Co. v. Direct Energy Business, LLC*, No. 5:17 CV 746, 2017 U.S. Dist. LEXIS 117025, at *5 (N.D. Ohio July 26, 2017) (quoting *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 904 (S.D. Ohio 2013) (emphasis in original). To show that a plaintiff conferred a benefit upon a defendant, "an economic transaction must exist between the parties." *Id. (*citations omitted). Here, Plaintiff has not alleged a transaction with *Victaulic*. It asserts that a benefit was conferred on Victaulic by Plaintiff's "purchase and use" of the fittings. Compl. ¶ 64. Conspicuously absent is an allegation that Plaintiff purchased the allegedly leaky fittings *from Victaulic*. As Victaulic sells its products through distributors, it is not reasonable to infer that the Plaintiff bought them direct from Victaulic. Plaintiff needs to allege it purchased the fittings directly from Victaulic, which it has not done. Because it has not done so, its unjust enrichment claim fails. *See Ohio Edison*, 2017 U.S. Dist. LEXIS 117025, at * 10 (dismissing unjust enrichment claim where plaintiff failed to allege it entered in an economic transaction with defendant).

The unjust enrichment claim should also be dismissed because Plaintiff did not plead knowledge of a benefit by Victaulic.  Where, as here, Plaintiff alleges that Victaulic "was aware" of the benefit, but provides no facts to establish that allegation, the claim fails.  *Id.* at *12 (finding plaintiff's conclusory allegation that defendant "knew it received a windfall" without alleging facts from which the court can infer more than the mere possibility that defendant has the requisite knowledge was insufficient to maintain its unjust enrichment claim).

### IV.   CONCLUSION

Plaintiff has failed to plead any cognizable and plausible claims.  Despite having fully reviewed the Quickvic fittings in replacing them, Plaintiff fails to identify any specific defect in them.  Its allegations are bare bone, conclusory recitations of the claims' legal elements, wholly devoid of any factual allegations to sustain them. Moreover, the economic loss doctrine bars its tort and product liability claims.  Its attempt to cast the School's property damage as its own is unavailing.  It has not identified a single representation or express warranty provided by Victaulic, nor any reliance.  It has alleged no privity for its UCC implied warranty claims and no transaction with Victaulic for its unjust enrichment claim.  Plaintiff's shotgun, conclusory "the product somehow failed and harmed me" approach is insufficient to state a claim under *Iqbal/Twombly* and its progeny.  Accordingly, Plaintiff's Complaint should be dismissed as a matter of law.

    Respectfully submitted,

*/s/ Colleen Murnane*
Colleen Murnane (0064840)
Angela M. Lydon (0087872)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
(216) 515-1660
(216) 515-1650 (facsimile)

13

cmurnane@frantzward.com
alydon@frantzward.com

*Counsel for Defendant Victaulic Company*

14

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Motion to Dismiss and Memorandum in Support was filed electronically on August 5, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

> */s/ Colleen Murnane*
> *One of the Attorneys for Defendant*
> *Victaulic Company*