UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JFDB, LTD.,

    Plaintiff,                                       Case No. 3:22-cv-206

vs.

VICTAULIC COMPANY,                District Judge Michael J. Newman
                                                          Magistrate Judge Peter B. Silvain, Jr.

    Defendant.

---

**ORDER: (1) DENYING AS MOOT DEFENDANT'S FIRST MOTION TO DISMISS (Doc. No. 4); AND (2) DENYING DEFENDANT'S SECOND MOTION TO DISMISS (Doc. No. 9)**

---

This is a civil case, premised on diversity jurisdiction, in which Plaintiff seeks relief under Ohio products liability law. *See* Doc. No. 3. It is before the Court on Defendant Victaulic Company's two Fed. R. Civ. P. 12(b)(6) motions to dismiss. Doc. Nos. 4, 9. Plaintiff responded to both motions (Doc. Nos. 5, 11), and Defendant replied (Doc. No. 14). Thus, the motion is ripe for review.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In considering whether the facial plausibility standard is met, the Court must view the complaint in the light most favorable to Plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in Plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

## II.

As to Defendant's first motion, Plaintiff amended its complaint in response. *See* Doc. No. 6. Accordingly, that motion is now moot, and it is denied on that basis. *See Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021).

As to the second motion, having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendant's second motion, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021); *cf. Holbrook v. Louisiana-Pacific Corp.*, 533 F. App'x 493, 496 (6th Cir. 2013). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Cf.*

*Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1113–14 (6th Cir. 1995) (Jones, J., dissenting).

### III.

Thus, the Court: (1) **DENIES AS MOOT** Defendant's first motion to dismiss (Doc. No. 4); and (2) **DENIES** Defendant's second motion to dismiss (Doc. No. 9).  The Court anticipates reviewing both parties' arguments on summary judgment after the completion of discovery.

**IT IS SO ORDERED.**

  February 16, 2023                                           s/Michael J. Newman
                                                                            Hon. Michael J. Newman
                                                                            United States District Judge